I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-10-14

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINTS D. INFANTE,<br><br>            Petitioner,<br><br>    vs.<br><br>THE STATE OF TEXAS, et al.,<br><br>            Respondents. | Case No. CV 14-0091-CJC (RNB)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION |

    Petitioner is a Texas state prisoner who currently is incarcerated at a prison in Rosharon, Texas pursuant to a Texas conviction. On January 6, 2014, he purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein, utilizing the approved Central District of California form for such petitions.

    Although the Petition is barely intelligible, it appears from its face that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims are directed to conditions of confinement allegedly experienced by petitioner while incarcerated at the prison facility in Texas. Specifically, petitioner appears to be complaining about injuries he sustained from actions of the security staff, the lack of adequate medical care, and the deprivation of food on several occasions.

//

Claims directed to the conditions of petitioner's confinement may not properly be asserted in a habeas petition, or as part of a habeas petition. See 28 U.S.C. § 2254(a); see also Preiser v. Rodriguez, 411 U.S. 475, 498-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Rather, such claims must be asserted in a separate civil rights action. The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion for the following reasons.

First, petitioner has failed to make an adequate showing of indigency. The Prison Litigation Reform Act of 1995 (Public Law 104-134, 110 Stat. 1321) ("PLRA") amended 28 U.S.C. § 1915 to provide inter alia that all prisoners who file civil actions must pay the full amount of the filing fee (which now is $400), and that any prisoner seeking to file a complaint in a civil action without prepayment of fees submit, in addition to the completed Declaration in Support of Request to Proceed In Forma Pauperis, a certified copy of his/her prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the facility at which the prisoner is confined. See 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1). Here, when petitioner submitted his "Petition" for filing, he failed to pay or tender any filing fee, and he failed to submit a certified copy of his trust account statement for the last six months signed by an authorized officer at the prison.

Second, petitioner does not name in the Petition the prison officials who allegedly violated his civil rights.

Third, venue over petitioner's claims directed to conditions of his confinement allegedly experienced at his place of incarceration in Texas does not even lie in this District. Rather, since petitioner's place of incarceration is located in Brazoria County, Texas, any such claims must be brought in the Southern District of Texas.

See 28 U.S.C. §§ 124(b), 1391(b).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 10, 2014

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge